UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TRAXLER DUMAY, | Crim. No. 22-306 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

This matter comes before the Court on the motion of Defendant Traxler Dumay ("Defendant") to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(d) based on ineffective assistance of counsel. ECF Nos. 40, 51. For the reasons set forth below, Defendant's motion to withdraw his guilty plea is **denied**.

**I.   BACKGROUND**

Defendant was indicted by a federal grand jury on April 22, 2022 and charged with: Count 1) possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §922(g)(1); Count 2) possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B); and Count 3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A)(i). ECF No. 21. Defendant signed a plea agreement on November 22, 2023 ("Plea Agreement") agreeing to plead guilty to Counts 1 and 2 in return for the dismissal of Count 3. Plea Agmt. at 1, ECF No. 37; Plea Hearing Tr. 10:10-15, ECF No. 38. The plea agreement expressly states that "Count Two to which Dumay agrees to plead guilty carries a mandatory minimum prison sentence of 5 years." Plea Agmt. at 2.

At the December 7, 2023 plea hearing, Defendant stated that his lawyer did not discuss with him the mandatory minimum on Count 2. Plea Hearing Tr. 7:16-22. The Court then advised Defendant of the mandatory minimum sentence on Count 2.

> THE COURT: Well, Count 2 means there's a mandatory minimum sentence of five years. So in other words, you're going to be facing at least five years. Do you understand that?
>
> THE DEFENDANT: Okay, yes.
>
> THE COURT: I just want to make sure you understand that. In other words, I can't change that under the law. Under the law, you're going to be facing at least five years in prison. Do you understand that?

1

> THE DEFENDANT: Yes.

*Id.* at 7:9-19. A few moments later, the Court informed Defendant yet again:

> THE COURT: Ms. Grace, under that Count 2, that is a mandatory minimum?
>
> MS. GRACE: It is, Your Honor. ... Count 2 has a mandatory minimum of a five-year term.
>
> THE COURT: Do you understand that, Mr. Dumay?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And do you agree to that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: In other words, when it comes to sentencing, I'm going to have to sentence you to at least five years in prison. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you're accepting that voluntarily and knowingly?
>
> THE DEFENDANT: Yes.
>
> THE COURT: As far as the plea agreement, I explained to you already that the sentencing is in my discretion, but as I just explained to you, at the very least, you're going to be facing five years in jail. Do you understand that?
>
> THE DEFENDANT: Yes

*Id.* at 8:5-9:3. Defendant admitted to knowingly possessing cocaine with the intent to distribute as well as possession of a firearm by a convicted felon and voluntarily pled guilty to those charges. *Id.* at 11:19-14:22.

On February 7, 2024, Defendant moved to withdraw his guilty plea claiming he received ineffective assistance of counsel because his attorney did not discuss the minimum sentencing issue with him and therefore, he did not enter a knowing and intelligent guilty plea. *See id.* at 7:20-22. The Court held a status conference on March 26, 2024 and granted Defendant the opportunity to obtain new counsel. *See* ECF No. 43. After obtaining new counsel, Defendant submitted supplemental briefing on his motion to withdraw his guilty plea adding to the ineffective assistance claim that his plea counsel also failed to file a motion to suppress evidence. Oral argument was heard on September 9, 2024.

## II.  DISCUSSION

A defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes a sentence, if the defendant can show there is a "fair and just reason" for withdrawing a plea of guilty. Fed. R. Crim. P. 11(d)(2)(B). "The burden of demonstrating a 'fair and just' reason falls on the defendant, and that burden is substantial." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). "[T]here is no absolute right to withdraw a

guilty plea and [] acceptance of the motion is within the discretion of the trial court, whose determination will only be disturbed if the court has abused its discretion." *Gov't of Virgin Islands v. Berry*, 631 F.2d 214, 219–20 (3d Cir. 1980) (citing *United States v. Vallejo*, 476 F.2d 667, 669 (3d Cir. 1973)). Withdrawal of a guilty plea is "inherently in derogation of the public interest in finality and the orderly administration of justice." *Brady v. United States*, 397 U.S. 742, 748 (1970); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (noting eroding finality of guilty pleas "undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice") (*quoting United States v. Timmreck*, 441 U.S. 780, 784 (1979)). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Jones*, 336 F.3d at 252.

"Courts must look primarily to three factors in evaluating a motion to withdraw a guilty plea: '(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal.'" *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (citing *Jones*, 336 F.3d at 252).

1. Assertion of Innocence

Defendant admitted that he knowingly possessed the drugs with the intent to distribute and knowingly possessed the firearm and ammunition in question. "[S]tatements, made under oath in open court, 'carry a strong presumption of verity.'" *Bonner v. United States*, No. 10-0354, 2010 WL 3419437, at *6 (W.D. Pa. Aug. 26, 2010) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Thus, "[o]nce a defendant has pleaded guilty, he must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." *Jones*, 336 F.3d at 253 (internal quotes and citation omitted)). "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *United States v. Cidone*, 452 F. App'x 190, 194 (3d Cir. 2011) (citing *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001). In this case, Defendant does not argue that he is factually innocent of the charged offenses or identify any facts in the record that would support such an assertion. Defendant fails to meet his "substantial" burden of demonstrating innocence, but because the Court may nonetheless grant his motion to withdraw if he offers a "sufficiently compelling reason to withdraw his plea," the Court next considers the strength of those reasons. *See id.* at 275.

2. Strength of Reasons for Withdrawing Guilty Plea

Defendant seeks withdrawal of his guilty plea based on plea counsel's alleged ineffective assistance in failing to discuss the mandatory minimum sentence with him and

3

failing to file a motion to suppress. "With regard to the strength of the reasons for withdrawal, '[a] court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) the defendant shows that he suffered sufficient prejudice from his counsel's errors." *United States v. Eason*, 509 F. App'x 180, 182 (3d Cir. 2013) (citing *Jones*, 336 F.3d at 253–54); *Hill*, 474 U.S. at 58 (holding that "two-part *Strickland v. Washington* [466 U.S. 668 (1984)] test applies to challenges to guilty pleas based on ineffective assistance of counsel"). "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

### a. Mandatory Minimum

The Government acknowledges that plea counsel's failure to discuss the mandatory minimum sentence with Defendant was deficient. However, any prejudice from plea counsel's error was cured by the Court's in-court colloquy during which Defendant affirmed that he understood and accepted "voluntarily and knowingly" that Count 2 carried a mandatory minimum of 5 years' imprisonment, Plea Hearing Tr. 7:3-19, 8:10-9:3, that he was satisfied with his attorney's representation, *id.* at 3:16-18, and that he signed the plea agreement after reading it thoroughly and going over it with his attorney, *id.* at 5:18-6:6. *See United States v. Cormier*, 758 F. App'x 269, 276 (3d Cir. 2018) ("any prejudice resulting from the erroneous sentencing information provided by prior counsel was remedied by the detailed in-court plea colloquy"); *United States v. Pacheco-Morales*, 703 F. App'x 116, 119 (3d Cir. 2017) (affirming denial of motion to withdraw because "any alleged error by counsel was corrected by the Rule 11 [plea] colloquy"); *see also United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) (noting that in majority of guilty plea cases, court's plea colloquy serves to remedy counsel's error). Any prejudice from plea counsel's failure to inform Defendant of the mandatory minimum sentence was cured and is therefore not a strong reason for allowing withdrawal of the guilty plea.

### b. Motion to Suppress

As to whether counsel's advice was under all the circumstances unreasonable under prevailing professional norms, the "defendant is most likely to establish incompetency where counsel's alleged errors of omission or commission are attributable to a lack of diligence rather than an exercise of judgment." *Thomas v. Varner*, 428 F.3d 491, 501 (3d Cir. 2005) (internal citation and quotation marks omitted). When reviewing an attorney's choices at the plea bargain stage, "strict adherence to the *Strickland* standard" is essential and takes into consideration that:

4

> Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks. The opportunities, of course, include pleading to a lesser charge and obtaining a lesser sentence, as compared with what might be the outcome not only at trial but also from a later plea offer if the case grows stronger and prosecutors find stiffened resolve. ... There are, moreover, special difficulties in evaluating the basis for counsel's judgment: An attorney often has insights borne of past dealings with the same prosecutor or court, and the record at the pretrial stage is never as full as it is after a trial.

*Premo v. Moore*, 562 U.S. 115, 124 (2011). Here, Defendant has not asserted that the decision not to file a motion to suppress was attributable to a lack of diligence rather than an exercise of judgment. Nor has he offered any credible testimony to that effect. *See United States v. Maria-Martinez*, 143 F.3d 914, 916 (5th Cir. 1998) (holding that "a claim of ineffective assistance based on a failure to file a motion to suppress cannot be reviewed without testimony as to the reasons behind failing to file the motion."). Instead, Defendant belatedly[1] offers a vaguely worded certification from plea counsel stating that he "discussed some of the search and seizure issues" though not "all of the potential issues"[2] prior to recommending a plea. Certif. of Raymond Hamlin, ¶ 10, ECF No. 54. Plea counsel does not indicate that a motion to suppress was a "potential issue" that was not discussed and instead, affirms he did not file any motions despite "some discussion concerning the search warrant issues." *Id.* at ¶ 12. Moreover, Defendant's position is not advanced by plea counsel's assertion that he does not recall being advised that the plea offer would be withdrawn if any motions were filed. *See id.* at ¶ 13. That the Government may not have expressly relayed this condition fails to show that the decision not to file a suppression motion was borne from a lack of diligence rather than an exercise of judgment that considered that withdrawing the plea offer is precisely what the Government might have done had Defendant filed a motion to suppress. There is no basis for this Court to find that advising Defendant to forego an uncertain motion to suppress in exchange for a plea offer calling for dismissal of Count 3, which carried an additional mandatory consecutive 5-year term of imprisonment, was unreasonable under prevailing professional norms. Defendant has not shown that plea counsel's assistance was ineffective.

3. Prejudice to Government

Because Defendant has not "demonstrate[d] sufficient grounds for withdrawing the plea, the Government is not required to show prejudice." *United States v. Hogan*, 453 F.

---

[1] Current defense counsel was given until September 18, 2024 to supplement his submissions yet did not file plea counsel's certification until September 25, 2024.

[2] Whether a failure to discuss every potential issue is ineffective assistance is not at issue here and in any event, may itself have been the result of counsel's exercise of judgment.

App'x 247, 249 (3d Cir. 2011) (citing *United States v. Martinez*, 785 F.2d 111, 116 (3d Cir.1986)); *Jones*, 336 F.3d at 255.

### III. CONCLUSION

For the foregoing reasons, Defendant has not satisfied his substantial burden to show that there is a "fair and just reason" for withdrawal of his plea of guilty. Defendant's motion to withdraw his guilty plea is **denied**. An appropriate Order accompanies this Opinion.

Dated: October 2, 2024

WILLIAM J. MARTINI, U.S.D.J.